UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v.  C.A. NO. 08-498 ML

A.T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Jacob Hagopian

Plaintiff Oliver Lyons, *pro se,* an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed suit under 42 U.S.C. §1983 against numerous ACI officials and employees. (Docket # 34). Plaintiff alleges that defendants have violated his constitutional rights by, *inter alia,* using excessive force and failing to protect him from self-inflicting harm. Presently before the Court is plaintiff's Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure (Docket # 4). Plaintiff seeks a court order prohibiting defendants from destroying evidence, including photographs and videotapes, allegedly related to his underlying case. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be denied.

## DISCUSSION

Plaintiff, as the moving party, has the burden of persuasion to demonstrate: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) the public interest will not be adversely affected by the granting of the injunction. *McGuire v. Reilly,* 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, and the movant has an onerous burden of persuasion as to all

1

of the elements. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997). Therefore, a failure to demonstrate any one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

In this case, Lyons has not shown a substantial threat that he will suffer irreparable harm if the requested injunctive relief is not granted. First, litigants already have a legal duty to preserve evidence relevant to an action. *See Vazquez-Corales v. Sea-Land Service, Inc.*, 172 F.R.D. 10, (D.P.R. 1997); *Allstate Ins. Co. v. Creative Environment Corp.*, No. 92-0467T, 1994 WL 499760 at *5 (D.R.I. Apr. 1, 1994). Depending on the circumstances, destroying evidence could subject a party to sanctions ranging from having the trier of fact draw an inference about the evidence adverse to the party to having a default judgment entered against the party. *See Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 217 (1st Cir. 1982); *Driggin v. American Sec. Alarm Co.*, 141 F.Supp.2d 113, 120 (D.Me. 2000).

Additionally, although plaintiff makes bald assertions that the defendants destroyed relevant photographs and videotapes in a prior action he had brought against ACI employees, plaintiff produces no evidence suggesting that defendants are likely to destroy evidence relevant in this action. *See Rosa v. Morvant*, No. 9:06cv252, 2007 WL 120808 at * (E.D.Tex. Jan. 10, 2007)(denying preliminary injunction motion by prisoner to prohibit destruction of medical records by prison officials where plaintiff failed to show defendants were likely to destroy evidence); *S.E.C. v. Nadel*, No. 90-6401, 1991 WL 427892 at * 2 (S.D.Fla. Aug. 28,1991) (denying plaintiff's motion to enjoin defendants from destroying evidence because defendants had a general duty to preserve evidence and plaintiff did not bring forth any evidence suggesting defendants were likely to destroy evidence).

## CONCLUSION

For the reasons stated above, I recommend that plaintiff's motion for a preliminary injunction be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 6, 2009