UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v.  C.A. NO. 08-498 ML

A.T. WALL, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Oliver Lyons, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed an amended complaint in this action complaining that defendants violated his civil rights (the "Complaint") (Docket # 34). Presently before the Court is plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Summary Judgment Motion") (Docket # 78). Defendants have objected to plaintiff's motion (Dockets ## 79, 81, & 86). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons discussed below, I recommend that the Summary Judgment Motion be DENIED.

BACKGROUND

Plaintiff alleges in the Complaint that defendants violated his rights under the Eighth and Fourteenth Amendments through, *inter alia*, the use of excessive force on numerous occasions, failing to protect him from suicide attempts and attack by a fellow inmate, and failing to afford him due process at a disciplinary hearing.

Plaintiff filed the Summary Judgment Motion seeking judgment in his favor on the claims in the Complaint based on allegations that defendants have thwarted him from adequately pursuing his case. Specifically, he alleges that defendants have denied plaintiff access to law books, law clerk, paper, and envelopes. He also alleges that defendants have retaliated against him for bringing the instant action by denying him doctor-prescribed footwear which he needs due to painful bone spurs.

DISCUSSION

I.  Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug,*

1

*Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)(quoting Fed.R.Civ.P. 56 advisory committee's note). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside*, 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." *Cadle*, 116 F.3d at 960 (citations omitted).

## II. Application of Standard to Plaintiff's Summary Judgment Motion

First, plaintiff's instant motion should be denied because he failed to file a Statement of Undisputed Facts, as required by Local Rule of Civil Procedure 56. LR Cv 56 ("In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a separate Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law").

Additionally, plaintiff fails to demonstrate that he is entitled to judgment as a matter of law regarding any claim set forth in the Complaint. Although plaintiff alleges in the Summary Judgment Motion that defendants are denying him adequate access to legal resources and paper and are retaliating against him for filing the instant action, he fails to demonstrate, or even allege, that the facts related to the claims in the Complaint are undisputed and that he is entitled to judgment on such claims as a matter of law. In fact, in the Summary Judgment Motion, plaintiff fails to even address the facts or claims in the Complaint.

Accordingly, I find that plaintiff's Summary Judgment Motion should be DENIED. I so recommend.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
March 2, 2010