# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**OLIVER LYONS**

**v.**                                                                    **C.A. NO. 08-498 ML**

**A.T. WALL, ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Jacob Hagopian

Plaintiff Oliver Lyons ("Plaintiff"), *pro se,* an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a second amended complaint (the "Complaint") under 42 U.S.C. §1983 against numerous ACI officials and employees (Docket # 34). Plaintiff alleges that defendants have violated his constitutional rights by, *inter alia,* using excessive force against him and failing to protect him from self-inflicting harm. Presently before the Court is Plaintiff's Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("PI Motion") (Docket # 102). Defendants have objected to this motion (Docket # 117). This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the PI Motion be denied.

## DISCUSSION

### I.      Claims

In his motion, Plaintiff seeks a court order prohibiting defendants from destroying evidence allegedly related to his underlying case. Plaintiff also complains that (i) defendant Lieutenant Sayles denied him legal copies; (ii) defendant Deputy Warden denied him access to the law cart and legal copies; (iii) on March 10, 2010, his legal papers were searched and some were destroyed; and (iv) he was moved to a cell in the mental health block although he was not suicidal, in retaliation for his lawsuit. Presumably, Plaintiff seeks injunctive relief regarding these four complaints.

### II.     Legal Standard

Plaintiff, as the moving party, has the burden of persuasion to demonstrate: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) the public interest will not be adversely affected by the granting of

the injunction. *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, and the movant has an onerous burden of persuasion as to all of the elements. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997). Therefore, a failure to demonstrate any one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

## III.   Destruction of Evidence

With respect to Plaintiff's motion for a court order to stop the destruction of evidence, this motion is duplicative of a previous motion for preliminary injunction filed by Plaintiff and denied by the Court (Dockets ## 4, 39 & 42). Plaintiff has made no showing that the motion should now be granted. As with his previous motion, Plaintiff provides no support for his bald assertions that evidence was destroyed in the past and will likely be destroyed in this case. *See Rosa v. Morvant*, No. 9:06cv252, 2007 WL 120808, at *2 (E.D.Tex. Jan. 10, 2007)(denying preliminary injunction motion by prisoner to prohibit destruction of medical records by prison officials where plaintiff failed to show defendants were likely to destroy evidence); *S.E.C. v. Nadel*, No. 90-6401, 1991 WL 427892, at *2 (S.D.Fla. Aug. 28, 1991)(denying plaintiff's motion to enjoin defendants from destroying evidence because defendants had a general duty to preserve evidence and plaintiff did not bring forth any evidence suggesting defendants were likely to destroy evidence). Thus, Plaintiff has not shown a substantial threat that he will suffer irreparable harm if the requested injunctive relief is not granted. I therefore recommend that his Motion for a Preliminary Injunction ordering defendants to stop the destruction of evidence be DENIED.

## IV.   Access to the Courts

To the extent Plaintiff seeks an injunction regarding his claims that certain defendants are denying him legal copies and access to the law cart or destroyed his legal papers, Plaintiff's motion fails for at least two reasons. First, the relief that Plaintiff requests is not based on the claims set forth in the Complaint. Instead, he is asserting entirely new claims, presumably based on an alleged violation of his right to access the courts. As a preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits, *see CMM Cable Rep. v. Ocean Coast Prop.*, 48 F.3d 618, 620 (1st Cir. 1995), a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint, *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *DeWitt v. Wall*, No. 01-65, 2001 WL 1018332, at *1 (D.R.I. June 05, 2001). "A district court

2

should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997)(preliminary injunction regarding a First Amendment issue denied where underlying suit was for damages on a claim of fraud); *see also Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009)(denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint).

Second, even if the Court were to address the merits of Plaintiff's access to the courts claim, Plaintiff has not shown a likelihood of success on such claim. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52, 116 S.Ct. 2174 (1996). However, to recover under this theory, a plaintiff must demonstrate that he or she suffered an actual injury, such as the frustration of a non-frivolous legal claim, as a result of the interference with his or her access to the court. *Id.* Plaintiff has not alleged any injury to a non-frivolous legal claim as a result of the alleged conduct about which he complains. Here (i) Plaintiff mentions that he was denied the ability to make legal copies of his Statement of Undisputed Facts, presumably in connection with the Summary Judgment Motion he filed in this action (Docket # 78), and (ii) the denial of his Summary Judgment Motion was based in part on Plaintiff's failure to timely file a Statement of Undisputed Facts (Dockets ## 93 & 101). However, the denial of Plaintiff's Summary Judgment Motion was also based on the failure of the motion to address the facts and claims in the Complaint that would not have been cured by the timely filing of his Statement of Undisputed Facts. Thus, Plaintiff's alleged inability to file the Statement of Undisputed Facts with his Summary Judgment Motion did not frustrate a non-frivolous legal claim.

Accordingly, I recommend that Plaintiff's Motion for a Preliminary Injunction in response to Plaintiff's complaints that he was denied legal copies and access to the law cart and had legal papers were destroyed be DENIED.

## V.  Retaliation

Finally, with respect to Plaintiff's allegations that he was moved to a cell in the Mental Health Block in retaliation for filing the instant lawsuit, it is not clear what, if any, injunctive relief he seeks. Additionally, as with his access to courts claim, Plaintiff here is asserting new allegations regarding retaliation not included in the underlying Complaint. Thus, Plaintiff's Motion for a Preliminary Injunction, if any, relating to being moved to the Mental Health Block,

3

allegedly in retaliation for filing suit, should be DENIED. *See Guillen,* 2009 WL 2513501, at *6-7 (denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint). I so recommend.

## CONCLUSION

For the reasons stated above, I recommend that Plaintiff's PI Motion be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
October 26, 2010

4