UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v.  C.A. NO. 08-498 ML

A.T. WALL, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Jacob Hagopian

Plaintiff Oliver Lyons ("Plaintiff"), *pro se,* an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a second amended complaint (the "Complaint") under 42 U.S.C. §1983 against numerous ACI officials and employees (Docket # 34). Plaintiff alleges that defendants have violated his constitutional rights by, *inter alia,* using excessive force against him and failing to protect him from self-inflicting harm. Presently before the Court is Plaintiff's Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a court order requiring defendants to house him at Medium 1 Security (Docket # 180). Defendants have objected to this motion (Dockets ## 184, 188 & 189). This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be denied.

DISCUSSION

I. **Legal Standard**

Plaintiff, as the party moving for a preliminary injunction, has the burden of persuasion to demonstrate: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) the public interest will not be adversely affected by the granting of the injunction. *McGuire v. Reilly,* 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, and the movant has an onerous burden of persuasion as to all of the elements. *See Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997). Therefore, a failure to demonstrate any one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

## II. Failure to Demonstrate Likelihood of Success or Irreparable Harm

### A. Improperly Classified to High Security

In his PI Motion, Plaintiff first alleges that he fared well when he was housed in Medium Security from March 2005 until August 2005, and implies that he was improperly classified back to High Security, presumably in violation of his due process rights. Presumably, Plaintiff is arguing that he should be moved back to Medium Security in order to avoid the alleged excessive force and other hardships in High Security that form the basis of his claims in the Complaint.

However, Plaintiff fails to demonstrate a likelihood of success on his claim of improper classification. First, this claim is not based on any claim in the underlying Complaint. As a preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits, see *CMM Cable Rep. v. Ocean Coast Prop.*, 48 F.3d 618, 620 (1st Cir. 1995), a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint, see *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Second, Rhode Island law grants the RIDOC Director unfettered discretion relative to the inmate statutory classification system, and Rhode Island penal inmates possess no liberty interest to be classified in any particular security interest. *See Moore v. Weeden*, No. 09-434, 2010 WL 3448622, *3 (D.R.I. Aug. 12, 2010)(Recommended Decision), *adopted* 2010 WL 3448620 (D.R.I. Aug. 30, 2010); *Bishop v. State of Rhode Island*, 667 A.2d 275 (R.I. 1995). Therefore, Plaintiff is not likely to succeed on a claim based on allegations that he was improperly classified, and a court order requiring he be housed in Medium 1 Security should not be granted based on such allegations.

### B. Assaulted in Shower

Plaintiff next recites a claim from the Complaint that he was assaulted in a shower at High Security on May 1, 2009 by defendant inmate Nania while defendants correctional officers Lamontange and Allard laughed. Presumably Plaintiff is claiming that the alleged actions violated his Eighth Amendment right against cruel and unusual punishment by the use of excessive force against him and/or the failure to protect him from harm at the hands of a fellow inmate. However, restating the claim in a PI Motion does not demonstrate a likelihood of success on the claim. Further, stating that he was assaulted by a fellow inmate on one occasion does not indicate that he is subject to a significant risk of irreparable harm if he is not moved from High Security to Medium Security. *See Lyons v. Wall*, 431 F.Supp.2d 245, 246 (D.R.I.

2006)("Lyons has alleged past injury in his Complaint, but he has neither alleged nor demonstrated that any serious injuries are imminent. Injunctive relief cannot be granted against something merely feared as liable to occur at some indefinite time in the future")(citation omitted).

Accordingly, Plaintiff's allegations regarding being assaulted by Nania do not support granting a court order requiring he be housed at Medium Security.

### C. Denied Prescription Footwear

Finally, Plaintiff restates his claim from the Complaint that he was forced to go without doctor-prescribed footwear for painful bone spurs from May 2009 until January 2010, despite receiving a prescription for replacement footwear in June 2009. Plaintiff states that he was taken around the ACI barefooted and that defendants taunted him as a result.

These allegations also fail to support granting Plaintiff's PI Motion. First, Plaintiff has not articulated any reason that not receiving adequate footwear supports an injunction ordering that he be housed in Medium Security. Further, although presumably Plaintiff is alleging that his Eighth Amendment rights were violated because he received inadequate medical care and was taunted, restating his claim here does not demonstrate a likelihood that he will succeed on such claims. Even if he shows that he did not receive prescribed footwear, he has failed to demonstrate that any defendant prison official acted with deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); *Braga v. Hodgson*, 605 F.3d 58, 61 (1st Cir. 2010). Plaintiff does not show that his medical need was constitutionally "serious", involving a substantial risk of serious harm if not properly treated, *see Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), or that any defendant prison official consciously disregarded a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). While Plaintiff clearly disagreed with the delay in providing him replacement specialized footwear, he does not provide any showing that the delay was "so inadequate as to shock the conscience," as required for a constitutionally cognizable claim of inadequate medical care. *Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991)(internal citation omitted).

Additionally, with respect to Plaintiff's claim that defendants taunted him about his bare feet, verbal abuse generally does not rise to the level of cruel and unusual punishment, *see Shabbaz v. Cole*, 69 F.Supp.2d 177, 199-201 (D.Mass. 1999), and does not pose a significant risk of irreparable harm. Thus, Plaintiff has not shown either a likelihood of success on his claim

regarding a delay in providing him doctor-prescribed footwear or that the delay created a significant risk of irreparable harm if he is not moved to Medium Security.

### D. Summary

In summary, Plaintiff has not demonstrated that he is likely to succeed on his claims that his constitutional rights were violated by alleged (i) improper classification, (ii) assault in the shower, and (iii) denial of doctor-prescribed footwear for eight months. Additionally, Plaintiff has not shown, based on any of these claims, that he will suffer irreparable harm if he is not moved to Medium Security. Accordingly, I recommend that Plaintiff's PI Motion seeking a court order requiring that he be housed at Medium Security be denied.

## CONCLUSION

For the reasons stated above, I recommend that Plaintiff's PI Motion be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 26, 2010