UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v.                                                                    C.A. NO. 08-498 ML

A. T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Oliver Lyons ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island filed a second amended complaint (the "Complaint") in the instant action, alleging that various ACI officials, employees, and doctors violated his civil rights (Dckt. # 34). Presently before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Dckt. # 224) with respect to the issues set forth in the "Notice Of Appeal To District Court Of Appeal To The 1st Circuit Court Of Appeals" which Plaintiff filed on November 1, 2010 ("Notice of Appeal") (Dckt. # 214). Defendants have objected to Plaintiff's motion (Dckt. # 228). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that the Court certify that Plaintiff's appeal is not taken in good faith and that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

## BACKGROUND

According to the Notice of Appeal and the exhibits attached thereto, Plaintiff seeks to appeal to the First Circuit two orders (the "Two Orders") issued by the undersigned with respect to motions referred to the undersigned from Chief District Judge Lisi for determination: (i) an order denying two motions for sanctions filed by Plaintiff (Dckt. # 206 denying motions in Dckts. ## 172 & 182)) and (ii) an order denying two motions to compel discovery (Dckt. # 207 denying motions in Dckts. ## 174 & 181).[1] Although Plaintiff filed an "objection" to the Two

---

[1] Plaintiff sent a letter addressed to a Deputy Clerk of the Court dated November 22, 2010 (Dckt. # 226) stating that he is appealing the Report and Recommendation set forth in Docket # 209 (a Report and Recommendation issued by the undersigned recommending denial of Plaintiff's motion for preliminary injunction [Dckt. # 180]) as well as the Two Orders in Dockets ## 206 and 207. It is unclear whether he means he is appealing the orders and recommendation in Dockets ## 206, 207 & 209 for review by Chief District Judge Lisi or by the First Circuit. However, Plaintiff did not file a notice of appeal with respect to Docket # 209, as required for an appeal to the First Circuit, *see* Fed.R.App.P. 3, and Chief District

1

Orders on October 28, 2010 (the "October 28th Objection") (Dckt. # 212), he filed the Notice of Appeal at issue here three days later, before any ruling on the October 28th Objection. To date, the Court has not ruled on the October 28th Objection.

In the Notice of Appeal, Plaintiff urges that he seeks to appeal the orders directly to the First Circuit pursuant to Rule 73(c) of the Federal Rules of Civil Procedure ("Rule 73(c)"). Specifically, he urges that (i) he has been denied access to certain generally unspecified materials he requested during discovery and (ii) defendant Dr. Fred Friedman and various defendants employed by the ACI have filed motions for summary judgment to which he is unable to properly respond because he does not have access to the requested discovery materials. Plaintiff requests the First Circuit to (1) "not allow" the summary judgments and (2) order defendants to provide Plaintiff with the requested materials.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(a) ("§ 1915"), a court may authorize a person to appeal a judgment in a civil action without prepayment of fees or security therefore if the person submits an affidavit stating that he is unable to pay such fees or give security. However, § 1915 further provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. *See Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). An appeal is deemed frivolous when it is based on an "indisputably meritless legal theory or factual allegations that are clearly baseless." *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991). "The 'good faith' requirement is designed 'to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact.'" *Lyons v. Wall*, C.A. No. 04-380, 2007 WL 2067661, at *1 (D.R.I. July 13, 2007) (quoting *In re Heghmann*, 324 B.R. 415 (1st Cir. BAP 2005)).

Here, Plaintiff's appeal is not taken in good faith. First, although Plaintiff states that his appeal to the First Circuit is taken pursuant to Rule 73(c), such rule is inapplicable in this case. Rule 73(c) allows parties to appeal directly to the First Circuit judgments entered at the direction of a magistrate judge in cases in which the parties have consented to have the magistrate judge

---

Judge Lisi has not yet ruled on the Report and Recommendation set forth in Docket # 209. Accordingly, the instant Report and Recommendation on Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* will not consider a request for an appeal to the First Circuit of the recommendation in Docket # 209.

"conduct [the] civil action." Fed.R.Civ.P. 73(a). The instant action is not one in which the parties have so consented; instead, Chief District Judge Lisi is conducting the action and referring particular motions to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. Accordingly, here, the parties must appeal rulings of a magistrate judge on nondispositve matters or object to Reports and Recommendations issued by a magistrate judge to Chief District Judge Lisi, not directly to the First Circuit. *See* LR Cv 72; 28 U.S.C. § 636(b)(1).

Additionally, the Two Orders which Plaintiff seeks to appeal, regarding discovery issues and sanctions, are clearly not final orders that can be appealed to the First Circuit. A court of appeals may exercise jurisdiction only over final orders, *see* 28 U.S.C. § 1291, and certain interlocutory and collateral orders not applicable here, *see* 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221 (1949).[2]

Finally, Plaintiff's appeal is also premature because he is requesting the First Circuit to not allow summary judgment motions (Dckts. ## 105 & 143) on which this Court has not yet ruled.

Accordingly, for the reasons stated above, I recommend that Plaintiff's appeal be certified as not taken in good faith and his Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian

---

Jacob Hagopian
Senior United States Magistrate Judge
November 30, 2010

---

[2] Appealable interlocutory orders are certain orders relating to injunctions, receivers, and admiralty, 28 U.S.C. § 1292, while appealable collateral orders are orders that: (i) conclusively determine the disputed question; (ii) resolve an important issue completely separate from the merits of the action; and (iii) are effectively unreviewable on appeal from a final judgment, *Johnson v. Jones*, 515 U.S. 304, 310, 115 S.Ct. 2151 (1995).