# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v.   C.A. NO. 08-498 ML

A. T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Oliver Lyons ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island filed a second amended complaint (the "Complaint" or "Cmpt.") alleging a violation of civil rights under 42 U.S.C. § 1983 ("§ 1983") (Dckt. # 34). In one of the claims, Plaintiff alleges that a few minutes after two defendants, Correctional Officers Allard and Lamontange, escorted Plaintiff to a locked shower, defendant, inmate John Nania, attacked Plaintiff with a mop handle, causing a large bruise to Plaintiff's left forearm. Cmpt. p. 20.

As Plaintiff is proceeding *in forma pauperis* in this action (Docket # 3), I have screened the claims in the Complaint against defendant Nania pursuant to 28 U.S.C. § 1915(e)(2)("§ 1915(e)(2)"). Having found the Complaint fails to state a claim upon which relief may be granted against defendant Nania, I have prepared this Report and Recommendation recommending that the claims against him be dismissed.

## DISCUSSION

### I.  Screening Under § 1915(e)(2)

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instruct the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. In making this determination, the Court must generally accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions or . *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the

1

Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim on which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (requiring claims be plausible, not just possible); Fed.R.Civ.P. 8(a)(2).

## II.  Failure to Allege Action Under Color of State Law

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, Plaintiff fails to allege facts suggesting that defendant Nania acted under color of state law.

John Nania, as a fellow inmate of Plaintiff, is a private party. And, although a private party's actions can be construed as "under color of state law" if: (1) his conduct is "fairly attributable to the state", *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); (2) he is exercising government powers or representing the interests of the state, *see NCAA v. Tarkanian*, 488 U.S. 179, 196 (1988); or (3) he conspires with a state official to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 916 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), Plaintiff has not alleged any facts suggesting that Nania's actions in attacking Plaintiff should be so construed. Accordingly, I find that the Complaint fails to state a claim on which relief may be granted against defendant Nania. I therefore recommend that the § 1983 claims against defendant Nania be dismissed with prejudice and he be dismissed as a defendant in this action.

## CONCLUSION

As the Complaint fails to allege facts indicating that inmate Nania acted under color of state law, I find that the Complaint fails to state a claim on which relief may be granted against Nania. I therefore recommend that the § 1983 claims against Nania be DISMISSED with prejudice and that he be DISMISSED as a defendant in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
February 8, 2011