UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS,
        Plaintiff,

    v.                         CA 08-498 M

ASHBEL T. WALL, et al.,
        Defendants.

**REPORT AND RECOMMENDATION**

**FOR DISMISSAL**

David L. Martin, United States Magistrate Judge

This is an action pursuant to 42 U.S.C. § 1983 filed by an inmate at the Adult Correctional Institutions ("ACI") for alleged violations of his civil rights. Plaintiff Oliver Lyons ("Plaintiff") alleges that various ACI correctional officers and officials have violated his constitutional rights to due process and to be protected from cruel and unusual punishment.[1] See Second

---

[1] Among other claims, Plaintiff alleges that correctional officers have slammed him into walls and doors after handcuffing his hands behind his back, see Second Amended Complaint (Docket ("Dkt.") #34) at 8, gassed him, id. at 11, placed him in painful, four-point restraints for long periods, causing Plaintiff to be covered in urine and feces, id. at 13-14, 17, 23-25, denied him witnesses at prison disciplinary hearings, id. at 19, and ignored or failed to investigate assaults on him by other inmates, id. at 20-21. Plaintiff additionally alleges that "since entering the prison in 2000 the Plaintiff has suffered from mental illness, personality disorders, thoughts and intentions of suicide, outrageous, violent and disruptive behavior causing severe injuries to himself." Id. at 6.

Amended Complaint (Docket ("Dkt.") #34).[2]  As explained herein, Plaintiff has violated orders of this Court and has done so after being explicitly warned that "[a]ny further violations of the Court's order will result in sanctions."  See Text Order of 7/22/11.  Accordingly, I recommend for the reasons stated below that he be sanctioned and that the sanction be dismissal of this action.

**Findings of Fact**

On January 10, 2011, Chief Judge Mary M. Lisi issued a Memorandum and Order (Dkt. #254) addressing multiple matters in this lawsuit.  They included Plaintiff's objections to three Reports and Recommendations (Dkt. #208, #209, #229) issued by Senior Magistrate Judge Jacob Hagopian, Plaintiff's appeal of a Memorandum and Order (Dkt. #221) issued by Judge Hagopian, Plaintiff's motions for preliminary injunctions (Dkt. #102, #180), and Plaintiff's motion for leave to appeal IFP (Dkt. #224). Judge Lisi overruled Plaintiff's objections to the Reports and Recommendations, denied his appeal of Judge Hagopian's Memorandum and Order, denied Plaintiff's motions for preliminary injunctions, and denied his motion for leave to appeal IFP.  In addition, Judge Lisi noted that there were pending motions for summary judgment and motions to dismiss filed by Defendants and also a motion for

---

[2] The document constituting Plaintiff's Second Amended Complaint does not bear a title, but it was docketed as the "Second Amended Complaint."  Dkt.

summary judgment filed by Plaintiff.³ Judge Lisi further noted that Plaintiff had "filed a number of frivolous motions (e.g., Docket #231, #248) that have needlessly delayed the efficient disposition of his claims." Memorandum and Order (Dkt. #254) at 2. Clearly concerned that Plaintiff's numerous filings were adversely affecting the Court's ability to manage the case, Judge Lisi concluded by stating:

> Accordingly, this Court now orders Plaintiff to refrain from filing any additional motions in this case until after such time as the Court has ruled on all the pending motions for summary judgment and motions to dismiss.

Id.

This prohibition was again called to Plaintiff's attention on July 22, 2011, when District Judge John J. McConnell, Jr., issued a text order denying without prejudice Plaintiff's motion for ruling (Dkt. #295) and motion for summary judgment (Dkt. #296).⁴

---

³ In a footnote, Chief Judge Lisi identified these pending motions as Dkt. "#105, #107, #141, #143, and #246." Memorandum and Order (Dkt. #254) at 2 n.1.

⁴ In the meantime (between January 10 and July 22, 2011) the Court had issued numerous orders relative to pending matters. These included three Memoranda and Orders (Dkt. #256, #266, #267) which ruled upon the following motions: Dkt. #231, #232, #237, #241, #242, #253, and #257. In addition, Senior Magistrate Judge Hagopian issued a Report and Recommendation (Dkt. #265) regarding the Second Amended Complaint (Dkt. #34) which Chief Judge Lisi accepted in a written Order (Dkt. #268). Judge McConnell and this Magistrate Judge issued Orders (Dkt. #275, #276, #279) regarding Defendants' motion to dismiss for lack of prosecution (Dkt. #269). This Magistrate Judge also issued an Order (Dkt. #289) rejecting a motion for summary judgment filed by Plaintiff. Finally, the Court issued text orders regarding Dkt. #252 and #283.

In the text order Judge McConnell noted that Plaintiff had been ordered to refrain from filing any further motions. <u>See</u> Text Order of 7/22/11; <u>see also</u> Memorandum and Order (Dkt. #254) at 2. The text order concluded with the following warning:

> Any further violations of the Court's order will result in sanctions.

Text Order of 7/22/11.

On August 3, 2011, this Magistrate Judge issued an Order (Dkt. #300) directing the Clerk to reject an attempted filing by Plaintiff which had been received on July 25, 2011. The filing bore the heading "Plaintiff's Motion to Compel Production," Order of 8/3/11, Attachment, and clearly violated the prohibition against further filings. However, because it was not clear that Plaintiff had received the Text Order of 7/22/11 prior to mailing the motion to compel, this Magistrate Judge gave Plaintiff the benefit of the doubt and did not recommend that he be sanctioned. Instead the Court limited itself to rejecting the filing and noting that the reason for the rejection was that:

> Plaintiff has been ordered not to file any additional motions pending ruling on the Motions now before the Court.

Order of 8/3/11.

On August 15, 2011, the Clerk's Office received another filing from Plaintiff. The filing appears to be in the nature of a motion to compel answers to interrogatories which Plaintiff has propounded

to Defendant Weeden.[5]  I find that this filing violates Chief Judge Lisi's Memorandum and Order (Dkt. #254) and Judge McConnell's Text Order of 7/22/11.

I further find that Plaintiff had notice of these Orders based on the following facts.  Copies of the Orders were mailed to Plaintiff by the Clerk's Office.  In addition, Judge McConnell's Text Order of 7/22/11 specifically noted the earlier order requiring Plaintiff to refrain from filing further motions.  Lastly, this Magistrate Judge's Order of 8/3/11 explicitly stated that the reason for rejecting Plaintiff's filing was that Plaintiff "has been ordered not to file any additional motions pending ruling on the Motions now before the Court."

**Law**

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" Vázquez-Rijos v. Anhang, ___ F.3d ___, 2011 WL 3596733 (1st Cir. Aug. 17, 2011)(quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)).  "As such, trial courts have substantial authority to impose sanctions, including dismissal, against a party for noncompliance with various procedural rules and court orders." Id.  "Dismissal, one of the

---

[5] The filing received from Plaintiff on August 15, 2011, is entitled "Plaintiff Submits Interrogatories Propounded to Defendant Warden Weeden to Show How All Very Relevant Interrogatories Are Objected to and Allowed to Do So by this United States District Court."

5

most draconian sanctions permitted, 'ordinarily should be employed ... only when a plaintiff's misconduct is extreme.'" Id. Dismissal is only one of the authorized forms of sanctions, and the district court "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Id. The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005); see also Marcello v. DeSano, No. CA 05-004 ML, 2006 WL 1582404, at *10 (D.R.I. Mar. 23, 2006)(citing Torres-Vargas, 431 F.3d at 392).

"[D]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991)(quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990)). Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Marcello v. DeSano, 2006 WL 1582404, at *9 (alteration in original). The Supreme Court has stated that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to

penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976).

"[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d at 393; see also Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007)("Without a doubt, the disregard of court orders qualifies as extreme behavior ...."); Young v. Gordon, 330 F.3d at 81 ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d at 393.

**Discussion**

The range of sanctions available to the Court where the plaintiff is a *pro se* prisoner who has been granted *in forma pauperis* status is extremely limited. His indigent status makes monetary fines impractical and unenforceable. Although this action was filed on December 19, 2008, and has been pending for more than thirty-one months, no portion of the $350.00 filing fee has been paid. This is true despite the fact that the Court, in granting

7

Plaintiff's application to proceed IFP, ordered the Rhode Island Department of Corrections to forward to the Clerk of this Court monthly payments of 20 percent of Plaintiff's preceding month's income each time Plaintiff's prison trust account balance exceeds $10.00.[6] See Memorandum and Order (Dkt. #3). Similarly, Plaintiff's incarcerated status largely nullifies the effectiveness of imprisonment for contempt.[7]

Dismissing some of Plaintiff's claims or limiting his proof with respect to those claims would not address the conduct at issue which is the filing of documents after being prohibited from doing so. Thus, this form of sanction is unlikely to achieve the desired result, namely, the cessation of further filings by Plaintiff until the Court is able to rule upon the motions which are already pending. The intensity of Plaintiff's litigation efforts in this action is reflected in the fact that the number of docket entries has reached 300.

Judge Lisi previously noted that Plaintiff's filings had "needlessly delayed the efficient disposition of his claims." Memorandum and Order (Dkt. #254) at 2. His filings since then have

---

[6] Presumably, the reason no payments have been received is that the balance in Plaintiff's prison trust account has never exceeded $10.00.

[7] Plaintiff is presently serving a two year consecutive state sentence at the Adult Correctional Institutions. According to information obtained from the U.S. Marshal's Service, Plaintiff's present "good time" release date is December 22, 2012.

further delayed it as the Court has had to deal with these new motions, thereby taking time which could have been utilized in addressing the motions that were already pending.

This Court receives many filings from *pro se* prisoners, and the management of these cases is a significant challenge. If such prisoners believe that they can disregard or ignore orders which the Court enters regarding their cases, a difficult managerial task will become impossible. Thus, I find that the extreme sanction of dismissal is warranted in this case in order "to deter those who might be tempted to such conduct in the absence of such a deterrent," Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. at 643, and that no lesser sanction will achieve the desired result of stopping the relentless flow of motions from Plaintiff.

In recommending dismissal, the Court is strongly influenced by the fact that Plaintiff was explicitly warned by Judge McConnell that any further violations of the Court's order would result in sanctions and also by the fact that this Magistrate Judge reiterated the prohibition in the Order of 8/3/11. Despite being so forewarned, Plaintiff has persisted in his course of conduct of filing motions and documents in disregard of Judge Lisi's Memorandum and Order. His conduct warrants the dismissal of the action. I so recommend.

## Conclusion

Accordingly, for the reasons stated above, I recommend that

9

Plaintiff's action be dismissed.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 18, 2011