UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OLIVER LYONS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 08-498-M |
| | ) | |
| ASHBEL T. WALL II, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

Plaintiff Oliver Lyons, an inmate at the Adult Correctional Institutions (ACI), brought the instant action pro se pursuant to 42 U.S.C. § 1983, alleging violations of his Constitutional rights by various defendants associated with the ACI. (*See* ECF No. 34.)  The Court GRANTS Mr. Lyons's Motion to Compel (ECF No. 112) as it pertains to his psychiatric notes for reasons discussed below.

## I.      BACKGROUND

On March 29, 2010, Mr. Lyons filed a Motion to Compel Production seeking several categories of materials from Defendants'[1] counsel, including "[a]ll psychiatric notes since the [p]laintiff's incarceration since 2000." (ECF No. 112 at 1, 2.)  Mr. Lyons contends that his psychiatric notes are relevant to the allegations in his complaint. *Id.* at 1.  All of Mr. Lyons's requests, with the exception of the request for his psychiatric notes, have been ruled upon. (*See* ECF No. 146.)

---

[1]  As used herein, the term "Defendants" refers to A.T. Wall, Warden Weeden, Captain Aceto, Captain McDonough, Lt. Sayles, Officer Simpson, Officer Le Duc, Officer Tomassi, Investigator Figueiredo, Officer Duarte, Deputy Auger, Lt. Doyle, Investigator Cabral, C/O Allard, C/O Lamontagne, and Captain Duffy; it does not refer to defendant Dr. Matkovic or defendant Dr. Friedman.

In a June 15, 2010 Memorandum and Order (M&O), Senior United States Magistrate Judge Hagopian granted Mr. Lyons' request for his psychiatric notes with the caveat that Defendants were asked to (i) file a response to the M&O if "they believe that release of such psychiatric notes to Plaintiff poses a security risk"; and (ii) provide a copy of the psychiatric notes for Magistrate Judge Hagopian's in camera review.   (ECF No. 146 at 1.)  Defendants responded to the M&O (ECF No. 159), and by letter dated June 30, 2010, provided Magistrate Judge Hagopian with psychiatric notes from 2008-2009.  In their response, Defendants stated that production of Mr. Lyons' psychiatric notes to Mr. Lyons would create a "substantial interference between doctor-patient relationship and compromise[] the care provided to the patient," and noted that both R.I. Department of Corrections (RI DOC) policy 18.59-4 and the Code of Federal Regulations (CFR), 45 C.F.R. 160, 164, prohibit the dissemination of mental health records to a patient. (ECF No. 159 at 1-2.)  Defendants did not, however, discuss whether the production of the psychiatric records would pose a security risk.  *Id.*  No action was taken by Magistrate Judge Hagopian.

On June 1, 2012, this Court ordered Defendants to (i) show cause as to why Mr. Lyons should not receive a copy of his psychiatric notes; (ii) answer several questions, *i.e.*, "what security risk, if any, is presented by Mr. Lyons receiving a copy of his psychiatric notes" and if Mr. Lyons had counsel, would defendants object to Mr. Lyons' counsel receiving a copy of his psychiatric notes;" and (iii) provide this Court, for in camera review, a copy of the psychiatric notes that were not previously provided.  (ECF No. 351.)

In response to the Order to Show Cause, Defendants reiterated the arguments made in their response to Magistrate Judge Hagopian (*see* ECF No. 159) and noted their concern that providing Mr. Lyons with his records would compromise his psychiatric care, care that the RI

2

DOC has a "constitutional duty to provide." (ECF No. 354 at 3-4.)[2]  In their response, Defendants explained that if Mr. Lyons had counsel, they would not object to his counsel receiving copies of Mr. Lyons' psychiatric records. *Id.* at 4.  In addition, by undated letter, Defendants provided the Court with numerous records dated from 1993 through 2012 and submitted a letter from Mr. Lyons' treating psychiatrist, who is not a defendant in this case.  In that letter, the treating psychiatrist expressed the belief that providing Mr. Lyons with his records would create obstacles to his treatment, as well as a significant risk to the RI DOC, Mr. Lyons, and the treating psychiatrist.  Further, the treating psychiatrist noted Mr. Lyons' prior conviction for "assault with bodily fluids" and expressed the opinion that providing him with his own records would increase the "risk of such assaultive behavior."

## II.   ANALYSIS

Mr. Lyons is a pro se inmate plaintiff who alleges that his psychiatric records are relevant to his case.  Defendants have not disputed their relevance.  Defendants' counsel has accessed those records and has disseminated those records — it appears that Defendants' counsel has provided those records to counsel for defendant Dr. Friedman and counsel for defendant Dr. Matkovic because Pamela Cantor, Ph.D., expert witness for defendants Drs. Friedman and Matkovic, states that she has reviewed "Psychiatric Notes – RIDOC – 11/12/2004-1/5/2010." (*See* ECF No. 105-6 at 3.)   In her expert report, Dr. Cantor states that her opinion is based on review of the psychiatric notes. *Id.* at 4.  Both Drs. Friedman and Matkovic rely on Dr. Cantor's report as a basis for their respective motions for summary judgment. (ECF Nos. 105-1 at 4, 7 and 107-1 at 4,7.)   In light of Mr. Lyons' allegations regarding his treatment at the ACI, Defendants' counsel's dissemination of his psychiatric records, Dr. Cantor's use of those

---

[2]  Dr. Freidman responded to the Order to Show Cause and took "no position" regarding the production of psychiatric records. (ECF No. 352 at 1.)  Dr. Matkovic did not respond.

records, and the reliance on Dr. Cantor's report by Drs. Friedman and Matkovic in their motions for summary judgment, the Court finds that Mr. Lyons' psychiatric records are relevant. Further, the Court finds that Defendants have failed to show good cause why Mr. Lyons should not receive his psychiatric records.

It is Mr. Lyons' representing of himself in this action that creates an apparent conflict between his ability to pursue his case and both RI DOC policy and the CFR. Mr. Lyons' psychiatric records were relied upon by an expert whose report is being used by two defendants as a basis for dismissing Mr. Lyons' case. *See Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63 (1st Cir. 1984) (vacating summary judgment where plaintiff was denied access to documents and the district court relied on those documents in ruling on summary judgment motion). While mindful of the RI DOC policy and CFR, the Court finds that in light of the circumstances at issue, it would be fundamentally unfair to Mr. Lyons to deny him access to his psychiatric records.[3]

Another federal district court thrice faced similar circumstances and reached the same conclusion. In *Leamer v. Fauver*, C.A. No. 95-5105, 2008 WL 630046 (D.N.J. Mar. 5, 2008), the court ordered production of mental health records to a pro se inmate plaintiff, noting that an imbalance would occur if plaintiff were forced to prosecute his case without access to relevant documents and information. In *Stasicky v. S. Woods State Prison*, C.A. No. 03-369, 2006 WL 3486827, at *3, *4 (D.N.J. Nov. 30, 2006), the court ordered production of mental health records to a pro se inmate plaintiff, noting that if he did not receive these records there would be an "obvious imbalance of justice." Moreover, the *Stasicky* court explained "that presentation of evidence without prior disclosure [to an opposing party] is not permitted as a basis for

---

[3] Although cognizant of the general concern raised regarding Mr. Lyons' behavior, the Court notes that Defendants have had years of experience addressing his behavior.

disposition on the merits." *Id.* at *4 (internal quotation marks and citation omitted). In *Skinner v. Ashan*, C.A. No. 04-2380, 2007 WL 708972 (Mar. 2, 2007), the court denied defendants' request for a protective order that would have prevented plaintiff from seeing his medical records, noting that "due process requires that [p]laintiff have a reasonable opportunity to review and confront the information sought to be introduced against him." Like the plaintiffs in those three cases, Mr. Lyons should have access to his medical records.

## III.   CONCLUSION

Mr. Lyons's Motion to Compel (ECF No. 112) as it pertains to his psychiatric notes is hereby GRANTED. Defendants shall provide Mr. Lyons with all psychiatric records responsive to his request forthwith, and in no event later than July 20, 2012.

If Mr. Lyons wishes to use any of the psychiatric records to supplement his pending summary judgment motions (ECF Nos. 246, 286) or his objections to pending summary judgment motions (ECF Nos. 105, 107, 143), he has until July 31, 2012 to do so.[4] Any such filings must: (i) state the name and ECF number of the pleading to which the supplementary filing pertains; and (ii) explain the relevance of the psychiatric notes to that filing.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

July 17, 2012

---

[4] The Order prohibiting Mr. Lyons from filing anything is lifted only to provide Mr. Lyons with the opportunity to supplement pleadings related to the pending summary judgment motions. The only materials that Mr. Lyons may file are supplementary pleadings related to his psychiatric records and the pending summary judgment motions; any such filings are due by July 31, 2012. Mr. Lyons remains prohibited from filing anything else.